IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD L. MOSHIER,** | : |
| | : |
| Petitioner | :  CIVIL NO. 1:CV-06-1979 |
| | : |
| v. | :  (Judge Conner) |
| | : |
| **TROY WILLIAMSON,** | : |
| | : |
| Respondent. | : |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Donald L. Moshier ("Moshier"), an inmate currently incarcerated at the Federal Correctional Institution at Schuylkill, in Minersville, Pennsylvania. (Doc. 1.) Moshier is challenging his federal sentence in the United States District Court for the Northern District of New York. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.      Statement of Facts**

In his petition, Moshier states that he and two co-defendants were indicted in the United States District Court for the Northern District of New York on seven (7) counts of narcotics conspiracy, see 21 U.S.C. § 846, possession with intent to distribute and distribution of methamphetamine, see 21 U.S.C. § 841(a)(1), and felon in possession of a firearm, see 18 U.S.C. § 922(g). (Doc. 1 at 11.) On September 13, 2001, a grand jury returned a superseding indictment charging only Moshier with narcotics conspiracy, two (2) counts of possession with intent to distribute methamphetamine, and a felon in possession of a firearm. (Id.)

Before trial, Moshier's co-defendants plead guilty and agreed to cooperate with authorities and to assist in the prosecution of Moshier. (Doc. 1 at 12.) Moshier asserts that, thereafter, one of his co-defendants received a sentence of forty-one (41) months imprisonment, and the other received a sentence of twenty-seven (27) months imprisonment. (Id.) Moshier states that he subsequently reached a plea agreement in which he pleaded guilty to the charges and, on April 26, 2002, he was sentenced to a term of imprisonment of one hundred and twenty (120) months. (Id.)

In the instant petition, Moshier states that he is not challenging the conviction itself, but he is challenging "the imposition of a greater sentence based upon the same or related course of conduct, that was on going in a single criminal trial and nucleus of acommon [sic] scheme, plan and goal of all three conspirators." (Id. at 19.) As relief, he seeks a reduction of his sentence to a sixty (60) month term of imprisonment, followed by two (2) years of supervision upon release. (Id.)

Moshier filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 5, 2006. (Doc. 1.) On October 17, 2006, an order to show cause was issued, directing respondent to reply to Moshier's petition. (Doc. 5.) The matter is now ripe for disposition.

## II.     Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to the validity of a conviction or to a sentence must be brought in such a motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999);

2

Snead v. Warden, F.C.I. Allenwood, 110 F. Supp 2d 350, 352 (M.D. Pa. 2000). The motion is filed in the district court where the defendant was convicted and sentenced. See 28 U.S.C. § 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief,[1] the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping

---

[1] Prior unsuccessful § 2255 motions filed in the sentencing court are insufficient, in and of themselves, to show that § 2255 is inadequate or ineffective. Literrio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966).

3

requirements of the amended § 2255.[2]" Cradle, 290 F.3d at 539.  Moreover, the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).  Thus, if a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).  Only when § 2255 does not provide an adequate remedy may the petitioner secure habeas relief through a § 2241 petition filed and adjudicated by the court in the district of confinement.  Dorsainvil, 119 F.3d at 249.

---

[2] Statutory limitations on filing second or successive § 2255 motions do not establish the inadequacy or ineffectiveness of the remedy.  See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements.  Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions.  The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241.  That can't be right; it would nullify the limitations."); Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

One circumstance in which the Third Circuit has recognized the inadequacy of § 2255 is when, following the denial of an initial petition in the sentencing court, the Supreme Court announces a new statutory interpretation that renders the conduct of which the petitioner was convicted non-criminal. Id. This exception is necessary to avoid the "complete miscarriage of justice" that might otherwise result. Id. at 250-51 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)). Section 2255 prohibits an individual from filing a second or subsequent petition unless based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255. A new rule of *statutory* interpretation falls within neither of these exceptions, and a petitioner is barred from seeking relief under § 2255 even though he or she is now imprisoned for conduct that is not criminal. Dorsainvil, 119 F.3d at 249-52. In this limited case, § 2241 serves as an avenue for relief. Id.

In the instant case, Moshier contradicts himself as to the procedural posture of his petition. Initially, in his form habeas petition, Moshier indicates that he has not appealed from the judgment of conviction or the imposition of sentence, (Doc. 1 at 3), and that he has not filed previous petitions for habeas corpus, motions under § 2255, or any other application, petitions or motions with respect to his conviction. (Id. at 6.) However, in his reply to the response to his habeas petition, Moshier informs the court, for the first time, that he had previously filed a § 2255, appealed the dismissal of that § 2255, and was granted a certificate of appealability. (Doc. 9 at 2.)

5

The electronic filing system of the United States District Court for the Northern District of New York indicates that the following action took place in that district with respect to Moshier's sentence at issue in this case: On April 5, 2004, almost two years after he was sentenced, Moshier filed in the district court a motion to vacate the judgment pursuant to Rules 4, 12(h), 3, 55(c), and 60(b) of the Federal Rules of Civil Procedure. (N.D. N.Y., 3:04-cv-00694, Doc. 9 at 1.) By order dated May 19, 2004, the court advised Moshier that it intended to convert his motion into a § 2255 motion "on the grounds that the relief sought more properly fell within that statutory provision." (Id. at 2.) Thereafter, the court dismissed Moshier's converted § 2255 petition as procedurally barred pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations. (Id. at 3, 11.) The United States Court of Appeals for the Second Circuit dismissed Moshier's appeal, thereby affirming the district court's decision on the petition's timeliness.

In his habeas petition before this court, Moshier offers no explanation or reasoning as to why his instant claim relating to his sentence could not have been timely brought under § 2255. There is also no indication that Moshier submitted to the district court an application for leave to file a second or successive § 2255

petition, pursuant to criteria set forth in 28 U.S.C. §§ 2244(b), 2255 ¶8.[3] The fact that Moshier may now be time barred from bringing a § 2255 motion does not mean that the remedy itself is inadequate or insufficient. Rather, Moshier has demonstrated only his personal inability to employ the remedy. The legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court.

---

[3] Section 2244 provides in pertinent part as follows:

§ 2244. Finality of determination
    (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Section 2255, in pertinent part, provides,

    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
        (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
        (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8.

7

Further, Moshier's claim does not fall within the narrow exception outlined in <u>Dorsainvil</u>, in which § 2241 relief would be available. Again, in <u>Dorsainvil</u>, the Third Circuit held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law has made no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251. Moshier has not alleged that a change in substantive law has made him innocent of the federal charges against him. In fact, Moshier asserts that he is not challenging the conviction itself. Therefore, under the <u>Dorsainvil</u> exception outlined above, § 2241 relief is not an available remedial device for him.

## III.   Conclusion

Based on the foregoing discussion, Moshier's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 25, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD L. MOSHIER,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-06-1979** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TROY WILLIAMSON,** | : | |
| | : | |
| Respondent. | : | |

## ORDER

AND NOW, this 25th day of June, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge